**ANSA ASSUNCAO LLP**
**(A Pennsylvania Limited Liability Partnership)**
By:     John P. Lock, Esquire
          Michael E. Bonner, Esquire
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
267-528-0755 (p)
267-528-0726 (f)
john.lock@ansalaw.com
michael.bonner@ansalaw.com
*Attorneys for Defendants*
*Mitchell F. Allen and Marten Transport, Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERLE MEANS,<br><br>                    Plaintiff,<br><br>     v.<br><br>MITCHELL F. ALLEN and MARTEN TRANSPORT, LTD.,<br><br>                    Defendants. | Civil Action No.: _____<br><br>NOTICE OF REMOVAL<br><br>JURY TRIAL DEMANDED |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Marten Transport, Ltd. and Mitchell F. Allen ("Defendants"), by and through their attorneys, Ansa Assuncao, LLP, hereby file the following Notice of Removal of the above-captioned matter currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, June Term, 2020, No. 0769 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all objections.  A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, thereby removing the State Court Action to this Court.

The following is a short and plain statement of the grounds for removal of the State Court Action to this Court:

## I.     RELEVANT PROCEDURAL HISTORY

1.     On June 12, 2020, Plaintiff Sherle Means ("Plaintiff") filed a Complaint which commenced the State Court Action.  In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action, including the Complaint, are attached hereto collectively as Exhibit A.

2.     In her Complaint, Plaintiff brought claims against Defendants, Mitchell F. Allen and Marten Transport, Ltd.  Plaintiff's claims sound in negligence and seek damages for personal injuries allegedly sustained as the result of a motor vehicle accident which allegedly occurred on or about June 24, 2018 on Sands Boulevard in Bethlehem, Northampton County, Pennsylvania. (*See generally*, Ex. A, Compl.).

3.     Plaintiff alleges that the vehicle involved in the accident with Plaintiff's vehicle was owned by Defendant Marten Transport, Ltd. and operated by Defendant Mitchell F. Allen. (*Id.* ¶¶ 5, 7).

4.     No previous request has been made for the relief requested herein.

## II.     BASIS FOR REMOVAL

5.     This Court has original jurisdiction over this action because: (1) the matter in controversy, excluding interest and costs, exceeds the sum or value of $75,000.00; and (2) there is complete diversity of citizenship between Plaintiff and Defendants.  *See* 28 U.S.C. § 1332(a).

**A.     Value of Matter in Controversy**

6.     Plaintiff alleges that, as a result of the accident, Plaintiff's vehicle "sustained property damage" and Plaintiff "sustained serious physical injuries."  (Compl. ¶¶ 11-12).

7. Specifically, the Complaint alleges: "As a result of this incident[,] Plaintiff suffered injuries which are and may[]be serious and in a permanent nature, some or all [of] which have caused her, and continue to cause her, great pain and agony and have prevented her, and may in the future prevent her, from attending to her daily occupational and social activities, all to her great financial damage and loss." (*Id.* ¶ 24; *see also id.* ¶ 16).

8. Plaintiff further alleges: "By reason of the aforesaid incident[,] Plaintiff was caused to suffer great harm and permanent injury to her body and health including but not limited to: lumbar bulges and herniated discs, lumbalgia, cervicalgia, and cervical radiculopathy with herniated discs., [sic] causing past, present, and future pain." (*Id.* ¶ 25; *see also id.* ¶ 17).

9. The Complaint further avers that "Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about [sic] an attempt to treat and cure herself of her injuries and to incur further expenses as subscribed in 75 Pa.C.S. § 1711 et seq." (*Id.* ¶ 26; *see also id.* ¶ 18).

10. Plaintiff also alleges: "As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers; said loss of income or impairment of earning capacity has or may exceed the sums recoverable under the limitations set forth in 75 Pa.C.S. § 1711 et seq." (*Id.* ¶ 27; *see also id.* ¶ 19).

11. Plaintiff further asserts that she "has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future." (*Id.* ¶ 28; *see also id.* ¶ 20).

12. Each of the "wherefore" clauses in the Complaint seeks damages in excess of $50,000. (*See id.*, Wherefore clauses at pp. 5, 7).

13. Considering the totality of the allegations made by Plaintiff—including the

alleged herniated discs, lumbar bulges and cervical radiculopathy, alleged permanent nature of same, "great pain and agony," and "great financial damage and loss," including medical expenses and "severe" loss of earnings and earning capacity—as pled on the face of the Complaint, the value or sum of the matter in controversy in this case exceeds $75,000.00.[1]

**B.      Diversity of Citizenship**

14.     As set forth in her Complaint, Plaintiff is an individual residing and domiciled in the State of New Jersey. (*See id.* at Caption & ¶ 1). Plaintiff therefore is and was, at the time of the commencement of the State Court Action, a citizen of the State of New Jersey.

15.     Defendant Mitchell F. Allen is and was, at the time of the commencement of the State Court Action, an individual residing and domiciled in the State of New York. Defendant Mitchell F. Allen therefore is and was, at the time of the commencement of the State Court Action, a citizen of the State of New York.

16.     Defendant Marten Transport, Ltd. is a corporation incorporated in the State of Delaware with its principal place of business located in the State of Wisconsin; thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Marten Transport, Ltd. is and was, at the time of the commencement of the State Court Action, a citizen of both Delaware and Wisconsin.

17.     The diversity of citizenship requirement is satisfied as complete diversity existed both at the time of the commencement of the State Court Action and at the time of the filing of this Notice of Removal. See 28 U.S.C. § 1332(a)(1).

### III.     CONSENT

18.     All of the Defendants named in the State Court Action are represented by the undersigned counsel and all such Defendants join in this Notice of Removal and consent to the

---

[1] Defendants deny all liability and deny that Plaintiff is entitled to the relief sought in the Complaint.

removal of the State Court Action to this Court.

## IV.  TIMELINESS OF REMOVAL

19. The State Court Action was not commenced more than one year before the date of the filing of this Notice of Removal. *See* 28 U.S.C. § 1446(c)(1).

20. Defendant Marten Transport, Ltd. was served with Plaintiff's Complaint via certified mail on July 14, 2020.

21. The filing of this Notice of Removal is within thirty days of service of the Complaint on Defendant Marten Transport, Ltd. and thus is timely under 28 U.S.C. § 1446(b).

## V.  VENUE

22. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court "for the district and division embracing" the Court of Common Pleas of Philadelphia County, Pennsylvania, the place where the removed action was pending.

## VI.  CONCLUSION

23. For all of the reasons above, this Court has jurisdiction over this matter, and this matter is properly venued in this Court.

## VII.  NOTICE

24. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of this filing to Plaintiff and will file a copy of the Notice of Removal and exhibits attached thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendants Marten Transport, Ltd. and Mitchell F. Allen respectfully request that the above-captioned action, now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

 */s/ John P. Lock*
John P. Lock, Esquire
Michael E. Bonner, Esquire
ANSA ASSUNCAO, LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
267-528-0755 (p)
267-528-0726 (f)
john.lock@ansalaw.com
michael.bonner@ansalaw.com
*Attorneys for Defendants Mitchell F. Allen and Marten Transport, Ltd.*

## **CERTIFICATE OF SERVICE**

I, Michael E. Bonner, Esquire, do hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon counsel listed below on this 11th day of August, 2020, via electronic mail and first-class mail to:

Erik S. Neiman, Esquire
Heidi Weintraub, Esquire
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
1000 Haddonfield-Berlin Rd., Suite 203
Voorhees, NJ 08043
eneiman@lawjw.com
hweintraub@lawjw.com
*Attorneys for Plaintiff*

                                              */s/ John P. Lock*
                                              John P. Lock, Esquire

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2020**   **000769**

E-Filing Number: 2006019659

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHERLE MEANS | MITCHELL F. ALLEN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 155 CAROLINA AVE. IRVING NJ 07111 | 1400 GENESEE ST. 229 PO BOX 739 BUFFALO NY 14211 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | MARTEN TRANSPORT, LTD |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 129 MARTEN STREET MONDOVI WI 54755 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement
[X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors
[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUN 12 2020
E. MEENAN

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SHERLE MEANS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ERIK S. NEIMAN | 1000 HADDONFIELD-BERLIN ROAD SUITE 203 VOORHEES NJ 08043 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (856)596-4100 | (856)702-6640 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 320599 | eneiman@lawjw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ERIK NEIMAN | Friday, June 12, 2020, 01:47 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

|  |  |
|---|---|
| **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.** <br> BY: Erik S. Neiman, Esquire <br> Attorney I.D. 320599 <br> 1000 Haddonfield-Berlin Rd., Suite 203 <br> Voorhees Township, NJ 08043 <br> 856-596-4100 |  <br> *Filed and Attested by the Office of Judicial Records 12 JUN 2020 01:47 pm E. MEENAN* <br><br> Attorneys for Plaintiff |

| | | |
|---|---|---|
| Sherle Means | : | COURT OF COMMON PLEAS |
| 155 Carolina Ave. | : | PHILADELPHIA COUNTY |
| Irving, NJ 07111 | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | No. |
| Mitchell F. Allen | : | |
| 1400 Genesee St. 229 PO Box 739 | : | **JURY TRIAL DEMANDED** |
| Buffalo, NY 14211 | : | |
| | : | |
| Marten Transport, LTD | : | |
| 129 Marten Street | : | |
| Mondovi, WI 54755 | : | |

## NOTICE TO PLEAD
## COMPLAINT - CIVIL ACTION

"NOTICE"  |  "AVISO"

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

**Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.**

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.**

**SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.**

Philadelphia Bar Association
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

Case ID: 200600769

| | |
|---|---|
| **JAVERBAUM WURGAFT HICKS** | |
| **KAHN WIKSTROM & SININS, P.C.** | |
| BY: Erik S. Neiman, Esquire | |
| Attorney I.D. 320599 | |
| 1000 Haddonfield-Berlin Rd., Suite 203 | |
| Voorhees Township, NJ 08043 | |
| 856-596-4100 | Attorneys for Plaintiff |
| Sherle Means                             : | COURT OF COMMON PLEAS |
| 155 Carolina Ave.                        : | PHILADELPHIA COUNTY |
| Irving, NJ 07111                         : | |
| : | CIVIL ACTION - LAW |
| v.                                       : | |
| : | No. |
| Mitchell F. Allen                        : | |
| 1400 Genesee St. 229 PO Box 739          : | **JURY TRIAL DEMANDED** |
| Buffalo, NY 14211                        : | |
| : | |
| Marten Transport, LTD                    : | |
| 129 Marten Street                        : | |
| Mondovi, WI 54755                        : | |

## CIVIL ACTION – COMPLAINT

1. Plaintiff, Sherle Means (hereafter the "Plaintiff"), is an adult natural person residing at the above captioned address.

2. Defendant, Mitchell F. Allen, is an adult natural person residing at the above captioned address.

3. Defendant, Marten Transport, LTD, is a limited company with a principal place of business at the above captioned address.

4. On or about June 24, 2018 at approximately 2:42 a.m., Plaintiff was operating a 1998 Infiniti (hereafter the "Means Vehicle") on Sands Boulevard, Bethlehem, Northampton County, in the Commonwealth of Pennsylvania.

5. At said time and place, Defendant, Mitchell F. Allen, was operating a 2018 Freightliner (hereafter the "Allen Vehicle").

6. At the time of this incident, based upon information and belief, there were no defects with the Allen Vehicle.

7. At all times relevant the Allen Vehicle was owned and/or controlled by Defendant, Marten Transport, LTD.

8. At said place and time, the Means Vehicle was directly behind the Allen Vehicle.

9. At said time and place, the Defendant, Mitchell F. Allen, reversed his vehicle and failed to stop the Allen Vehicle, which he was operating, thereby striking the Means Vehicle in the front.

11. Plaintiff sustained serious physical injuries as a result of this incident as more fully set forth hereafter.

12. Both the Allen Vehicle and the Means Vehicle sustained property damage as a result of the above referenced collision.

### COUNT I
### Plaintiff, Sherle Means v. Defendant, Mitchell F. Allen

13. Plaintiff, Sherle Means, incorporates the allegations of Paragraphs one (1) through twelve (12) inclusive as if set forth herein at length.

14. The aforesaid incident and injuries sustained by the Plaintiff were caused by the carelessness, recklessness, and negligence of Defendant, Mitchell F. Allen, which included:

    a. Failing to have the Allen Vehicle under proper and adequate control;

    b. Failing to yield to traffic;

    c. Failing to obey a traffic control device;

d.      Failing to keep a proper lookout for vehicles;

e.      Failing to properly operate the Allen Vehicle;

f       Failing to respect the rights, position, and safety of vehicles on the roadway;

g       Failing to appropriately stop for traffic;

h.      Failing to properly brake the Allen Vehicle;

i.       Failing to properly stop the Allen vehicle;

j.      Traveling at an excessive speed for the conditions;

k.      Failing to abide by the "assured clear distance rule";

l.      Failing to abide by the rules of the road as set forth in the Pa.C.S.A. Chapter 33;

m.     reversing a vehicle when not safe;

n.      Striking the means vehicle; and

o.      Any and all acts of negligence which may be discovered pursuant to the Rules of Pennsylvania Civil Procedure.

15.    This incident resulted solely from the carelessness, recklessness, and negligence of Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

16.    As a result of this incident Plaintiff suffered injuries which are and maybe serious and in a permanent nature, some or all which have caused her, and continue to cause her, great pain and agony and have prevented him, and may in the future prevent her, from attending to his daily occupational and social activities, all to his great financial damage and loss.

17.    By reason of the aforesaid incident Plaintiff was caused to suffer great harm

Case ID: 200600769

and permanent injury to her body and health including but not limited to: lumbar bulges and herniated discs, lumbalgia, cervicalgia, and cervical radiculopathy with herniated discs.

18. Further, Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about an attempt to treat and cure herself of her injuries and to incur further expenses as subscribed in 75 Pa.C.S. § 1711 et seq.

19. As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers; said loss of income or impairment of earning capacity has or may exceed the sums recoverable under the limitations set forth in 75 Pa.C.S. § 1711 et seq.

20. As a further result of this incident, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Sherle Means, demands damages from Defendant, Mitchell F. Allen, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs of suit, and such other remedy as seen fit by this Court.

### COUNT II
### Plaintiff, Sherle Means v. Defendant, Marten Transport, LTD

21. Plaintiff, Sherle Means, incorporates the allegations of Paragraphs one (1) through twenty (20) inclusive as if set forth herein at length.

22. The aforesaid incident and injuries sustained by the Plaintiff were caused by the carelessness, recklessness, and negligence of Defendant, Marten Transport, which included:

      a.      Failing to properly train, instruct, and/or supervise Defendant, Mitchell F. Allen;

      b.      Allowing Defendant, Mitchell F. Allen, to operate a motor vehicle when it was known, or with reasonable inquiry would have been known that he was unfit to drive;

      c.      Entrusting the Allen vehicle to Defendant, Mitchell F. Allen; and

      d.      Any and all acts of negligence which may be discovered pursuant to the Rules of Pennsylvania Civil Procedure.

23. This incident resulted solely from the carelessness, recklessness, and negligence of Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

24. As a result of this incident Plaintiff suffered injuries which are and maybe serious and in a permanent nature, some or all which have caused her, and continue to cause her, great pain and agony and have prevented her, and may in the future prevent her, from attending to her daily occupational and social activities, all to her great financial damage and loss.

25. By reason of the aforesaid incident Plaintiff was caused to suffer great harm and permanent injury to her body and health including but not limited to: lumbar bulges and herniated discs, lumbalgia, cervicalgia, and cervical radiculopathy with herniated discs., causing past, present, and future pain.

26. Further, Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about an attempt to treat and cure herself of her injuries and to incur further expenses as subscribed in 75 Pa.C.S. § 1711 et seq.

27. As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers; said loss of income or impairment of

earning capacity has or may exceed the sums recoverable under the limitations set forth in 75 Pa.C.S. § 1711 et seq.

28. As a further result of this incident, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Sherle Means, demands damages from Defendant, Marten Transport, LTD, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs of suit, and such other remedy as seen fit by this Court.

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

BY:  */s/ Erik S. Neiman*
Erik S. Neiman, Esquire
Attorney for Plaintiff

Date: 06/12/2020

Case ID: 200600769

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

*Filed and Attested by the
Office of Judicial Records
08 JUL 2020 12:36 pm
A. SILIGRINI*

| | | |
|---|---|---|
| Sherle Means | : | Term, |
| | : | |
| | : | No. 200600769 |
| Plaintiff(s) | : | |
| Vs. | : | |
| | : | |
| Mitchell F. Allen and Marten | : | |
| Transport, LTD | : | |
| | : | |
| Defendant(s) | : | |

## ENTRY OF APPEARANCE

**To the Office of Judicial Records:**

Kindly enter my appearance in the above captioned matter as counsel of record for Plaintiff Sherle Means.

BY: *Heidi R. Weintraub /s/*
Signature

*Heidi R. Weintraub*
Print

I.D. #: *57381*

Address: *1000 Haddonfield-Berlin Road*

*Suite 203*

*Voorhees, NJ 08043*

Case ID: 200600769